By dissenting, I do not disagree with the majority's enunciation of what the decision in Ex parte Yarber,437 So.2d 1330 (Ala. 1983), means. In Yarber, there was no dispute that there was an agreement between the defendant and the district attorney. The district attorney repudiated the agreement and the trial judge proceeded with the trial of the case without considering whether he should accept or reject it. Until we decided Yarber, if either side backed out of an agreement, the trial court's only recourse was to try the case.
Since Yarber, if the prosecution and defense have reached an agreement, such agreement must be submitted to the trial judge, and, at that time, the prosecution can inform the court why such an agreement is not in the best interest of the state (e.g., mistake, newly discovered evidence, etc.). Then the trial judge can determine if the agreement is a just and fair one. In the final analysis, it is the trial judge that mustmake the decision. Yarber does not mean that where there has been an agreement (some would prefer to say contract) that is the end of the matter. It is this implication of the Court of Criminal Appeals' opinion that I disagree with.
Likewise, if there is a dispute as to whether there is an agreement, it is up to the trial judge to determine if an agreement was made. And if he determines that there has been an agreement, he then must decide if he will honor it.
However, I dissent from this court's reversal of the Court of Criminal Appeals, because I do not believe that Yarber fits the facts in this case. This is a stronger case than Yarber. Here, the defendant pled guilty in federal court because the district attorney had said that if he did so, he would not prosecute the state charges against him. As a result of such a statement, *Page 898 
which is uncontroverted, the defendant has served more than 15 months on a federal sentence. The principles set forth inSantobello v. New York, 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427 (1971), govern this case. There it was said that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."Id. at 262, 92 S.Ct. at 499. The district attorney said that when he made the statement that he would not prosecute Congo, he thought he was talking about Congo's brother. The fact situation here is identical to the fact situation inSantobello, and for this reason, I would deny the writ. Although the Court of Criminal Appeals' decision is wrong in its interpretation of the meaning of Yarber, it is right insofar as the principles involved in Santobello are concerned. A court should not be reversed if it reaches the right result, even though it assigns the wrong reasons.
FAULKNER, JONES and EMBRY, JJ., concur.